IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NORGUARD INSURANCE )
COMPANY, )
 )
     Plaintiff, )
 )     CIVIL ACTION FILE NO.
v. )         1:24-cv-03586-SDG
 )
JASON S. MCKINZIE, JR., )
JEFFERY S. HARR, JILL E. )
HARR, DOH, INC., JOHNNY'S )
PIZZA, INC., and JOHNNY'S )
PIZZA FRANCHISE SYSTEM, )
INC., )
 )
     Defendants. )
_____ )

## DEFENDANTS HARR & DOH, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW JEFFERY S. HARR, JILL E. HARR, and DOH, INC., named as Defendants in the above-styled case (hereinafter "Defendants"), and pursuant to Fed. R. Civ. P. 56, file their Response in Opposition to Plaintiff's Motion for Summary Judgment as Amended (Docs. 56 & 58), and respectfully show this Court as follows:

## I.     RELEVANT FACTUAL BACKGROUND

This action for declaratory judgment arises out of a personal injury lawsuit styled *Jason McKinzie v. Jeffrey S. Harr, Jill E. Harr, DOH, Inc.*, State Court of

Gwinnett County, CAFN: 23-C-07575-S3 (the "Underlying Personal Injury Lawsuit") (Doc. 1, Exh. B, filed 08/13/24.)  The underlying plaintiff Jason McKinzie alleges that on September 2, 2023, the defendant driver Jeffrey Scott Harr was operating a 2005 Ford Escape, owned by the defendant Jill Harr, when a collision occurred between the Ford Escape and a motorized cart operated by Mr. McKinzie. (Doc. 1, Exh. B, First Amend. Compl. by McKinzie, ¶¶ 9, 10, 14.)

The underlying plaintiff Jason McKinzie further alleges that immediately prior to the incident that forms the basis of the underlying action, defendant Jeffrey Scott Harr consumed alcohol beverages to the point of intoxication at the restaurant and bar known Johnny's New York Style Pizza at 7363 Spout Springs Road, Flowery Branch, Georgia, 30542. (Doc. 1, Exh. B, First Amend. Complaint by McKinzie, ¶ 17.)  Mr. McKinzie also alleges that immediately prior to the incident that forms the basis of the underlying action, agents and employees of the defendant DOH, Inc. knowingly sold, furnished, or served alcoholic beverages to the defendant Jeffrey Scott Harr, who was allegedly in a state of noticeable intoxication, and purportedly knowing that the defendant Jeffrey Scott Harr would soon be driving a motor vehicle. (Doc. 1, Exh. B, First Amend. Complaint by McKinzie, ¶ 18.)  The defendants Jeffrey Scott Harr, Jill Harr, and DOH, Inc. have denied Mr. McKinzie's allegations in the underlying lawsuit.

Plaintiff Norguard Insurance Company issued a Businessowners Insurance Policy number DOBP412038, effective from January 5, 2023 to January 5, 2024, to the named insured, DOH, Inc. (Doc. 1, Exh. C, Norguard Policy.)  The Norguard Insurance Policy provides Liability Limits of $1,000,000 Each Occurrence, $2,000,000 General Aggregate, and a Liquor Liability Common Cause Limit of $1,000,000, with Aggregate Limit of $2,000,000.

The Norguard Insurance Policy includes Endorsement BP04040110 "Hired Auto and Non-Owned Auto Liability", and the subject 2005 Ford Escape, owned by Jill Harr, is a Non-Owned Auto with respect to the Named Insured DOH, Inc.

The Norguard Insurance Policy also provides a Businessowners Coverage Form BP00030110 that is modified by Endorsement BP04120417 "Limitation of Coverage to Designated Premises, Project **or Operation"** (emphasis added), which is defined by the Policy as "Description of Business Full-Service Restaurant" and includes "Liquor Liability Common Cause Limit $1,000,000" and "Aggregate Limit $2,000,000".

The Norguard Insurance Policy further provides Endorsement BP04890110 "Liquor Liability Coverage" which includes "Liquor Liability Each Common Cause Limit $1,000,000" and "Aggregate Limit $2,000,000".

## II.    LAW AND ARGUMENT

### A. LEGAL STANDARD FOR SUMMARY JUDGMENT AND FOR EVALUATING INSURER NORGUARD'S OBLIBATION TO ITS INSURED DOH, INC.

Pursuant to Federal Rule of Civil Procedure 56(a), the court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial burden of demonstrating that summary judgment is appropriate. If the movant carries its burden, then the burden shifts to the non-moving party to set forth evidence showing that there is a genuine issue of material fact for trial. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.E.2d 265 (1986).

Georgia law provides that the insurer's duty to defend is separate from the insurer's duty to indemnify. To determine whether the insurer has a duty to defend, the insurer must consider the language of the insurance contract and the allegations of the complaint asserted against the insured. See City of Atlanta v. St. Paul Fire & Marine Ins., 231 Ga. App. 206, 498 S.E.2d 782 (1998). In addition, the insured is owed a defense if the complaint alleges uncovered claims but there are true facts that would show that the claim is in fact covered. Colonial Oil Industries v. Underwriters Subscribing, 268 Ga. 561, 491 S.E.2d 337 (1997).

As to the duty to indemnify, insurance is a matter of contract and the rules of

contract interpretation apply. Rothell v. Continental Cas. Co., 198 Ga. App. 545, 402 S.E.2d 283 (1991). Insurance contract construction is a question of law for the Court to decide. Transamerica Ins. Co. v. Thrift Mart, Inc., 159 Ga. App. 874, 880-881, 285 S.E.2d 566 (1981); O.C.G.A. §13-2-1. In the case of ambiguity, the insurance contract must be construed against the insurance company that drafted the contract, which results in coverage for the insured. Isdoll v. Scottsdale Insurance Company, 219 Ga. App. 516, 466 S.E.2d 48 (1995); Anderson v. Southeastern Fidelity Ins. Co., 251 Ga. 556, 307 S.E.2d 499 (1983).

Ambiguity exists when a term, phrase, or section "may be fairly construed in more than one way." Georgia Farm Bureau Mutual Insurance Company v. Myers, 249 Ga. App. 322, 324, 548 S.E.2d 67 (2001). If a provision of an insurance contract is susceptible of two or more constructions, even when the multiple constructions are all logical and reasonable, it is ambiguous. Cole v. Life Insurance Company of Georgia, 236 Ga. App. 229, 229, 511 S.E.2d 596, 597 (1999) (reversing trial court that erred "[b]y allowing the provision most favorable to the insurance company to control").

In determining whether the terms of the policy are subject to more than one reasonable interpretation, the policy should be read as a layman would read it and not as an insurance expert or an attorney might analyze it. Banks v. Brotherhood Mutual Insurance Company, 301 Ga. App. 101, 103, 686 S.E.2d 872, 872 (2009). If

two clauses in an insurance contract are contradictory, an ambiguity is created, and the clause more favorable to the insured will be enforced. Davis v. United American Life Insurance Company, 215 Ga 521, 527, 111 S.E.2d 488, 492 (1959).

A clause in an insurance policy deemed unambiguous in one situation may be deemed ambiguous when applied to a different situation. Transportation Insurance Company v. Piedmont Construction Group, LLC, 301 Ga. App. 17, 22, 686 S.E.2d 824, 829 (2009). Multiple logical interpretations make a clause ambiguous as a matter of law. Hurst v. Grange Mutual Casualty Company, 266 Ga 712, 716, 470 S.E.2d 659, 663 (1996).

## B. THE "HIRED AUTO" PORTION OF ENDORSEMENT BP04040110 DOES NOT APPLY.

Plaintiff's reference to the "Hired Auto" portion of the Endorsement BP04040110 "Hired Auto and Non-Owned Auto Liability" is misplaced (See Plaintiff's Brief, Doc. 58-2, pp. 4, 5), because Jill Harr owns the Vehicle and the Vehicle was not "leased, hired, rented, or borrowed" in order to qualify as a "Hired Auto". Rather, the Vehicle was owned by Jill Harr and used in DOH, Inc.'s business or personal affairs, including Jeffrey Scott Harr driving to and from work at the Restaurant. (Affidavit of Jill Harr, ¶¶ 5, 9, 10.) As shown in the next section, the Vehicle is a "Non-Owned Auto" as defined by Endorsement BP04040110 "Hired Auto and Non-Owned Auto Liability".

**C. <u>COVERAGE IS PROVIDED BY THE "NON-OWNED AUTO"</u>
<u>ENDORSEMENT BP04040110 IN PLAINTIFF'S INSURANCE</u>
<u>POLICY.</u>**

On September 2, 2023, Jeffrey Scott Harr was driving a 2005 Ford Escape (the subject "Vehicle"), owned by his wife Jill Harr, when a collision occurred between the Vehicle and a motorized cart operated by Mr. McKinzie. (Doc. 1, Exh. B, First Amend. Compl. by McKinzie, ¶¶ 9, 10, 14.) Jill Harr and Jeffrey Scott Harr reside together at their house located at 3571 Haddon Hall Drive, Buford, Gwinnett County, Georgia, 30519. (Affidavit of Jill Harr, ¶ 6.) The Vehicle was not and has never been owned by DOH, Inc. (Affidavit of Jill Harr, ¶ 7.) Jeffrey Scott Harr is a W2 employee and manager of DOH, Inc. (Affidavit of Jill Harr, ¶ 8.) The Vehicle is used in connection with DOH, Inc.'s business which includes transportation of supplies and other purposes. (Affidavit of Jill Harr, ¶ 9.) The Vehicle is also used in connection with DOH, Inc.'s personal affairs which includes transportation for Jeffrey Scott Harr driving the Vehicle to and from work at the Restaurant. (Affidavit of Jill Harr, ¶ 10.)

The Plaintiff's Policy includes **Endorsement BP04040110 "Hired Auto and Non-Owned Auto Liability"**, which provides in pertinent part:

> A. Insurance is provided only for those coverages for which a specific premium charge is shown in the Declarations or in the Schedule.
> . . .
>
> 2. Non-owned Auto Liability

The insurance provided under Paragraph A.1. Business Liability in Section II – Liability applies to 'bodily injury' or 'property damage' arising out of the use of any 'non-owned auto' in your business by any person.

. . .

D. The following additional definitions apply:

. . .

3. 'Non-owned auto' means any 'auto' you [DOH, Inc.] do not own, lease, hire, rent or borrow which is used in connection with your [DOH, Inc.'s] business. This includes 'autos' owned by . . . your 'executive officers' [Jill Harr], or members of their households [Jeffrey Scott Harr], but only while used in your [DOH, Inc.'s] business or your [DOH's] personal affairs.

Here, the Vehicle meets the Policy definition of 'Non-owned Auto", as the Vehicle was owned by Jill Harr and used in DOH, Inc.'s business or personal affairs, including Jeffrey Scott Harr driving to and from work at the Restaurant. (Affidavit of Jill Harr, ¶¶ 5, 9, 10.)

In Georgia, the duty to defend is determined by the language of the insurance contract and the allegations of the complaint asserted against the insured (See City of Atlanta v. St. Paul Fire & Marine Ins., 231 Ga. App. 206, 498 S.E.2d 782 (1998)), and the insured is owed a defense if the complaint alleges uncovered claims but there are true facts that would show that the claim is in fact covered. Colonial Oil Industries v. Underwriters Subscribing, 268 Ga. 561, 491 S.E.2d 337 (1997). As to the duty to indemnify, insurance is a matter of contract and the rules of contract interpretation apply. Rothell v. Continental Cas. Co., 198 Ga. App. 545, 402 S.E.2d 283 (1991). Insurance contract construction is a question of law for the Court to

decide.  Transamerica Ins. Co. v. Thrift Mart, Inc., 159 Ga. App. 874, 880-881, 285 S.E.2d 566 (1981); O.C.G.A. §13-2-1.

Plaintiff's reference to respondeat superior case law is irrelevant to the plain language of Norguard's Insurance Policy and the coverage provided for this Accident. (See Plaintiff's Brief, Doc. 58-2, p. 9.)  Based on the undisputed facts in this matter and the express language in Plaintiff's Insurance Policy, the 2005 Ford Escape meets the Policy definition of a "Non-Owned Auto" in Endorsement BP04040110.  The 2005 Ford Escape, owned by Jill Harr and being driven by Jeffrey Scott Harr at the time of the subject accident, has never been owned by DOH, Inc.  The vehicle is used in connection with DOH, Inc.'s business or personal affairs which includes transportation for Jeffrey Scott Harr driving to and from work at the Restaurant.  As such, coverage is provided by the "Non-Owned Auto" Endorsement in Plaintiff's Insurance Policy, and Plaintiff has a duty to defend and indemnify DOH, Inc. in the Underlying Lawsuit.

### D. COVERAGE IS PROVIDED BY THE "NON-OWNED AUTO" ENDORSEMENT TO DOH, INC.

DOH, Inc. is the Named Insured in the Norguard Policy and these Defendants are seeking a ruling from the Court that Norguard's Policy provides coverage for DOH, Inc. against the underlying plaintiff McKenzie's Lawsuit. (See Defendants' Motion for Summary Judgment, Doc. 55, p.1, Doc. 55-1, p.12.)  Plaintiffs arguments regarding whether or not the Defendant driver, Jeffrey S. Harr, would qualify as an

insured, are irrelevant to the issue of coverage for the Named Insured DOH, Inc. which is before the Court.  Here, coverage is provided by the "Non-Owned Auto" Endorsement in Plaintiff's Insurance Polic for DOH, Inc., and Plaintiff has a duty to defend and indemnify DOH, Inc. in the Underlying Lawsuit.

### E. COVERAGE IS PROVIDED BY THE "DESIGNATED OPERATION" PORTION OF ENDORSEMENT BP04120417 IN PLAINTIFF'S INSURANCE POLICY.

Even though the collision occurred away from the restaurant, the Plaintiff's Insurance Policy Endorsement BP04120417 "Limitation of Coverage to Designated Premises, Project **or Operation**" provides coverage for DOH, Inc., where, as here, the Operation of the Restaurant included serving alcohol.  DOH, Inc. operated as a full-service restaurant that included serving alcohol at the time of the subject accident on September 2, 2023. (Affidavit of Jill Harr, ¶ 11.)  According to the Underlying Personal Injury Lawsuit, the accident and bodily injury were allegedly caused or contributed to by consumption of alcohol that was served at the Restaurant. (Doc. 1, Exh. B, First Amend. Complaint by McKinzie, ¶ 18.)

The Plaintiff's Policy **Endorsement BP04120417 "Limitation of Coverage to Designated Premises, Project or Operation"**, states in pertinent part:

> b.  This insurance applies:
> > (1)  To 'bodily injury' and 'property damage' caused by an 'occurrence' that takes place in the 'coverage territory' only if:
> > > (a)  The 'bodily injury' or 'property damage':
> > > > (i)     Occurs on the premises shown in

the Schedule or the grounds and structures appurtenant to those premises; or

(ii)    **Arises out of the** project or **operation shown in the Schedule.**

. . .

(Doc. 1, Exh. C, Norguard Policy) (emphasis added.)

The Schedule includes "Operation: Information required to complete this Schedule, if not shown above, will be shown in the Declarations." The Declarations include Description of Business **Full-Service Restaurant** (Declarations p.1 of 7) and **Liquor Liability Common Cause Limit $1,000,000 Aggregate Limit $2,000,000** (Declarations p.6 of 7.) Here, the Operation of the Restaurant included serving alcohol, and according to the Underlying Lawsuit, the accident and bodily injury were allegedly caused or contributed to by consumption of alcohol that was served at the Restaurant. Thus, coverage is provided by the "Operations" Endorsement in Plaintiff's Insurance Policy, and the Plaintiff's Motion for Summary Judgment is due to be denied.

**F. <u>COVERAGE IS PROVIDED BY THE "DESIGNATED OPERATION" ENDORSEMENT IN PLAINTIFF'S INSURANCE POLICY.</u>**

As shown in the previous Section, as a separate basis for coverage, the Plaintiff's Insurance Policy Endorsement BP04120417 "Limitation of Coverage to Designated Premises, Project **<u>or Operation</u>**" provides coverage for DOH, Inc., where, as here, the Operation of the Restaurant included serving alcohol. DOH, Inc.

operated as a full-service restaurant that included serving alcohol at the time of the subject accident on September 2, 2023. (Affidavit of Jill Harr, ¶ 11.)  According to the Underlying Personal Injury Lawsuit, the accident and bodily injury were allegedly caused or contributed to by consumption of alcohol that was served at the Restaurant. (Doc. 1, Exh. B, First Amend. Complaint by McKinzie, ¶ 18.)

The Plaintiff's Policy **Endorsement BP04120417 "Limitation of Coverage to Designated Premises, Project or Operation"**, states in pertinent part:

> c.  This insurance applies:
> > (2)  To 'bodily injury' and 'property damage' caused by an 'occurrence' that takes place in the 'coverage territory' only if:
> > > (b)  The 'bodily injury' or 'property damage':
> > > > (iii)  Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or
> > > > (iv)  **Arises out of the** project or **operation shown in the Schedule.**
> > > > . . .

(Doc. 1, Exh. C, Norguard Policy) (emphasis added.)

The Schedule includes "Operation: Information required to complete this Schedule, if not shown above, will be shown in the Declarations."  The Declarations include Description of Business **Full-Service Restaurant** (Declarations p.1 of 7) and **Liquor Liability Common Cause Limit $1,000,000 Aggregate Limit $2,000,000** (Declarations p.6 of 7.)  Here, the Operation of the Restaurant included serving alcohol, and according to the Underlying Lawsuit, the accident and bodily

injury were allegedly caused or contributed to by consumption of alcohol that was served at the Restaurant.  Coverage is provided by the "Operations" Endorsement in Plaintiff's Insurance Policy and the Plaintiff's Motion for Summary Judgment must be denied.

### G. COVERAGE IS PROVIDED BY THE "LIQUOR LIABILITY COVERAGE" ENDORSEMENT BP04890110 IN PLAINTIFF'S INSURANCE POLICY.

As a separate, independent basis for coverage, the Endorsement BP04890110 "Liquor Liability Coverage" provides coverage for "bodily injury" or "property damage" "arising out of the selling, serving or furnishing of alcoholic beverages". In the instant matter, the Underlying Personal Injury Lawsuit alleges that "agents and employees of the defendant DOH, Inc. knowingly sold, furnished, or served alcoholic beverages to the defendant Jeffrey Scott Harr", which allegedly caused or contributed to the accident and the claimed bodily injury and property damage. (Doc. 1, Exh. B, First Amend. Complaint by McKinzie, ¶ 18.)   Further, no other insurance applies to the Named Insured DOH, Inc. as a result of this accident.

Specifically, the Plaintiff's Policy includes Endorsement **BP04890110 "Liquor Liability Coverage",** which provides in pertinent part:

> Schedule includes "A. Liquor Liability Aggregate Limit: $2,000,000.
>
> B. Each Common Cause Limit: $1,000,000.
>
> Section II – Liability is amended as follows:
>
> A. The insurance provided under Paragraph A.1. Business Liability

also applies to all "bodily injury" or "property damage" arising out of the selling, serving or furnishing of alcoholic beverages.

(Doc. 1, Exh. C, Norguard Policy) (emphasis added.)

The exclusion in section B.2.c. referenced by Plaintiff in its Brief (Doc. 58-2, p.17) does not apply to the Named Insured DOH, Inc.  No other insurance has been afforded to DOH, Inc. for the subject accident.  Further, the underlying plaintiff McKenzie seeks damages which are alleged to exceed the USAA policy limit, so Plaintiff Norguard's Policy Limit of $1,000,000 could apply even if the USAA policy limit was exhausted.  At best, the Plaintiff's Policy is ambiguous and the clause more favorable to the Insured DOH, Inc. will be enforced. Davis v. United American Life Insurance Company, 215 Ga 521, 527, 111 S.E.2d 488, 492 (1959).

In Georgia, the duty to defend is determined by the language of the insurance contract and the allegations of the complaint asserted against the insured (See City of Atlanta v. St. Paul Fire & Marine Ins., 231 Ga. App. 206, 498 S.E.2d 782 (1998)). As to the duty to indemnify, insurance is a matter of contract and the rules of contract interpretation apply.  Rothell v. Continental Cas. Co., 198 Ga. App. 545, 402 S.E.2d 283 (1991).  Insurance contract construction is a question of law for the Court to decide.  Transamerica Ins. Co. v. Thrift Mart, Inc., 159 Ga. App. 874, 880-881, 285 S.E.2d 566 (1981); O.C.G.A. §13-2-1.  Based on the undisputed facts in this matter and the express language in Plaintiff's Insurance Policy, coverage is provided by the

"Liquor Liability Coverage" Endorsement in Plaintiff's Insurance Policy, and Plaintiff's motion for summary judgment should be denied.

## H. THE "LIQUOR LIABILITY COVERAGE" ENDORSEMENT APPLIES.

As to the "Liquor Liability Coverage" Endorsement in Plaintiff's Policy, Plaintiff's arguments and references to respondeat superior case law are irrelevant to the plain language of Norguard's Insurance Policy and the coverage provided for this Accident. (See Plaintiff's Brief, Doc. 58-2, pp. 18-22.) As shown in the previous Section, the Endorsement BP04890110 "Liquor Liability Coverage" provides coverage for "bodily injury" or "property damage" "arising out of the selling, serving or furnishing of alcoholic beverages", and the Underlying Personal Injury Lawsuit alleges that "agents and employees of the defendant DOH, Inc. knowingly sold, furnished, or served alcoholic beverages to the defendant Jeffrey Scott Harr", which allegedly caused or contributed to the accident and the claimed bodily injury and property damage. (Doc. 1, Exh. B, First Amend. Complaint by McKinzie, ¶ 18.)

Under Georgia law, the duty to defend is determined by the language of the insurance contract and the allegations of the complaint asserted against the insured (See City of Atlanta v. St. Paul Fire & Marine Ins., 231 Ga. App. 206, 498 S.E.2d 782 (1998)); and the duty to indemnify is a matter of contract and the rules of contract interpretation apply.  Rothell v. Continental Cas. Co., 198 Ga. App. 545,

402 S.E.2d 283 (1991).  Coverage is provided by the "Liquor Liability" Endorsement and Plaintiff's Motion for Summary Judgment is due to be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion for Summary Judgment as Amended, finding that there is coverage under the Plaintiff Norguard's Insurance Policy and Norguard has a duty to defend and indemnify the Defendant DOH, Inc., in the Underlying Personal Injury Lawsuit.

This 7th day of April, 2025.

FAIN, MAJOR, BRENNAN,
SANFORD & HARDEE, P.C.

*s/ Richard H. Hill, Jr.*
RICHARD H. HILL, JR.
Georgia Bar No. 354422
Attorney for Defendants
Jeffery S. Harr, Jill E. Harr, and
DOH, Inc.

One Premier Plaza
5605 Glenridge Drive N.E.
Suite 900
Atlanta, GA 30342
(404) 688-6633
rhill@fainmajor.com

<u>CERTIFICATION OF COUNSEL</u>

The undersigned hereby certifies that this document has been prepared with

Times New Roman font, 14 point.

This 7th day of April, 2025.

FAIN, MAJOR, BRENNAN,
SANFORD & HARDEE, P.C.

*s/ Richard H. Hill, Jr.*
RICHARD H. HILL, JR.
Georgia Bar No. 354422
Attorney for Defendants
Jeffery S. Harr, Jill E. Harr, and
DOH, Inc.

One Premier Plaza
5605 Glenridge Drive N.E.
Suite 900
Atlanta, GA 30342
(404) 688-6633
rhill@fainmajor.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that on the date indicated below, he did serve upon opposing counsel a copy of the **DEFENDANTS JEFFREY S. HARR, JILL E. HARR, AND DOH, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** via statutory electronic service to the following attorneys and parties of record:

Jason P. Wright, Esq.
Quintairos, Prieto, Wood,
& Boyer, P.A.
365 Northridge Road, Suite 230
Atlanta, GA 30350
Jason.Wright@qpwblaw.com

Grant Herrin, Esq.
Quintairos, Prieto, Wood,
& Boyer, P.A
3850 North Causeway Blvd.
Suite 630
Metairie, LA 70002
Grant.herrin@qpwblaw.com
*Attorneys for Plaintiff*

Jonathan M. Palmer, Esq.
Nicholas T. Sears, Esq.
Knight Palmer, LLC
One Midtown Plaza
1360 Peachtree Street, N.E.
Suite 1201
Atlanta, Georgia 30309
jpalmer@knightpalmerlaw.com
nsears@knightpalmerlaw.com
*Attorneys for Defendant Jason S.*
*McKinzie, Jr.*

This 7th day of April, 2025.

FAIN, MAJOR, BRENNAN,
SANFORD & HARDEE, P.C.

*s/ Richard H. Hill, Jr.*
RICHARD H. HILL, JR.
Georgia Bar No. 354422
Attorney for Defendants
Jeffery S. Harr, Jill E. Harr, and
DOH, Inc.

One Premier Plaza
5605 Glenridge Drive N.E.
Suite 900
Atlanta, GA 30342
(404) 688-6633
rhill@fainmajor.com